FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00524-BNB

BATTRICK KINSLOW,

    Applicant,

v.

J. WANDS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Battrick Kinslow, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Kinslow has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) challenging the computation of his federal sentence.

The Court must construe the application liberally because Mr. Kinslow is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Kinslow alleges that he was arrested in Tennessee, apparently on November 20, 2003, by a joint task force consisting of both state and federal law enforcement officers. He further alleges that he subsequently was prosecuted and convicted in both state and federal court on charges arising out of the same criminal acts. On July 30,

2004, Mr. Kinslow was sentenced in the United States District Court for the Eastern District of Tennessee to a total term of 111 months in the custody of the BOP.  (*See* Doc. #1 at 14.)  On July 13, 2005, Mr. Kinslow was sentenced in his Tennessee state court case to fifteen years in prison to be served concurrently with his federal sentence.  (*See id*. at 17.)  The state court judgment provides that Mr. Kinslow receive pretrial jail credit for the period from November 20, 2003, through July 13, 2005.  (*See id*.)  On October 6, 2005, the Eastern District of Tennessee entered an Order Amending Judgment directing that Mr. Kinslow's federal sentence shall run concurrently with his Tennessee state court sentence.  (*See id*. at 15, 20-21.)  Because of a typographical error in the October 6 order, on October 18, 2005, the Eastern District of Tennessee entered a Second Order Amending Judgment that again directs that Mr. Kinslow's federal sentence shall run concurrently with his Tennessee state court sentence.  (*See id*. at 15, 18-19.)

In the instant action, Mr. Kinslow contends that he is entitled to have eight months and ten days of pretrial confinement credit applied  by the BOP to his federal sentence.  He specifically seeks credit for the period from November 20, 2003, until July 30, 2004.  As noted above, Mr. Kinslow was sentenced in the Eastern District of Tennessee on July 30, 2004.  It appears that Mr. Kinslow was arrested on November 20, 2003, because that is the date on which the pretrial jail credit he received in his Tennessee state court case began.

Mr. Kinslow contends that he is entitled to have this presentence confinement time credited to his federal sentence by the BOP "per issuance of a nunc pro tunc order

issued by his federal sentencing judge and the concurrent sentences given by both his federal and state sentencing judges." (*Id.* at 6.) According to Mr. Kinslow, the BOP "has refused to acknowledge and apply 8 months and 10 days of jail custody credits earned by the applicant Battrick Kinslow towards the satisfaction of his federal prison sentence pursuant to Title 18 USC § 3585(b)." (*Id.* at 7.)

Mr. Kinslow is correct that calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. ***See United States v. Wilson***, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

As noted above, Mr. Kinslow was sentenced in his federal case on July 30, 2004, and that sentence subsequently was ordered to run concurrently with his Tennessee

state sentence. Mr. Kinslow does not argue that the BOP has not credited his sentence with any time after July 30, 2004. Instead, he seeks credit against his federal sentence for a period of presentence confinement from November 20, 2003, until July 30, 2004. However, according to the documentation Mr. Kinslow has attached to the application, that same period of presentence confinement time was credited against his state sentence. (*See* Doc. #1 at 17.) Therefore, Mr. Kinslow's argument that he is entitled to credit against his federal sentence for the same period of presentence confinement time lacks merit because "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. As a result, the Court finds that the BOP properly has determined Mr. Kinslow is not entitled to any credit against his federal sentence for the period from November 30, 2003, until July 30, 2004.

Finally, in addition to arguing that he is entitled to presentence confinement credit on his federal sentence for the period from November 20, 2003, until July 30, 2004, Mr. Kinslow also asks the Court to direct the BOP to adjust his sentence downward consistent with Section 5G1.3(b)(1) of the United States Sentencing Guidelines to account for this period of time. The Court finds that Mr. Kinslow's request to have the BOP adjust his sentence downward is not appropriate in this habeas corpus action pursuant to § 2241. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted).

4

Mr. Kinslow's request for a reduced sentence by a downward departure under the Sentencing Guidelines does not challenge the execution of his sentence and must be made by appropriate motion in the sentencing court. Because there is no indication that the remedy available under § 2255 in the Eastern District of Tennessee is inadequate or ineffective, Mr. Kinslow's request for a reduced sentence is not appropriate in this Court in this action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this __5th__ day of ___April_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00524-BNB

Battrick Kinslow
Reg. No. 40745-074
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk